Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
AURORA MORONES



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AURORA MORONES,<br><br>  Plaintiff,<br>v.<br><br>CAWLEY & BERGMANN, LLP, a New York limited liability partnership; JONATHAN P. CAWLEY, individually and in his official capacity; and ABSOLUTE RESOLUTIONS CORPORATION, a California corporation,<br><br>  Defendants. | Case No. CV12-00393 PSG<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>California Civil Code § 1812.700, *et seq.* |

Plaintiff, AURORA MORONES (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

- 1 -
COMPLAINT

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, AURORA MORONES (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "disabled person" within the meaning of Cal. Civil Code § 1761(g).

8. Defendant, CAWLEY & BERGMANN, LLP (hereinafter "C&B"), is a New York limited liability partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024. C&B may be served as follows: Cawley & Bergmann, LLP, c/o Pat Bergmann, Agent for Service, 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024. The principal business of C&B is the collection of debts using the mails and telephone, and C&B regularly attempts to collect debts alleged to be due another. C&B is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). C&B is a third-party debt collector subject to the federal Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et seq.*

9. Defendant, JONATHAN P. CAWLEY (hereinafter "CAWLEY"), is a natural person and is or was an employee, agent, officer and/or director of C&B at all relevant times. CAWLEY may be served at his current business address at: Jonathan P. Cawley, Cawley & Bergmann, LLP, 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024. The principal purpose of CAWLEY's business in the collection consumer debts due or alleged to be due another. CAWLEY is regularly engaged in the business of collecting consumer debts through the use of the U.S. Mail, telephone and internet. CAWLEY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CAWLEY is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff is informed and believes, and thereon alleges that CAWLEY is liable for the acts of C&B because he is a general partner of C&B, he sets and approves C&B collection policies, practices, procedures, and he directed the unlawful activities described herein.

10. Defendant, ABSOLUTE RESOLUTIONS CORPORATION (hereinafter "ABSOLUTE"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 6602 El Cajon Boulevard, Suite 200, San Diego, California 92115. ABSOLUTE may be served as follows: Absolute Resolutions Corporation, c/o Charles E. Purdy, IV, Agent for Service of Process, 9820 Willow Creek Road, Suite 490, San Diego, California 92131. The principal business of ABSOLUTE is the collection of debts using the mails and telephone, and ABSOLUTE regularly attempts to collect debts alleged to be originally due another. ABSOLUTE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABSOLUTE is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ABSOLUTE is vicariously liable to Plaintiff for the acts of C&B and CAWLEY.[1]

11. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Wells Fargo Bank (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. The collection letter (Exhibit "1") is dated January 25, 2011.

16. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

17. Defendants knew or should have known that their conduct was directed towards a

---

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

- 5 -
COMPLAINT

1 disabled person.

2     18. The collection letter (Exhibit "1") states, in relevant part:

Your payment must be received in our office within 30 days from the date of this letter, in good funds, or this offer will be null and void.

    19. The collection letter (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by CAWLEY.

    20. Plaintiff is informed and believes, and thereon alleges, that CAWLEY did not conduct a professional review of Plaintiff's account before sending the collection letter (Exhibit "1") to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

    21. Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the role and involvement of legal counsel.

    22. Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

    23. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

    24. As a disabled person subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to Cal. Civil Code § 3345.

    25. Plaintiff is informed and believes, and thereon alleges that Defendants has sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

///

## VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29. Defendant, C&W, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. Defendant, CAWLEY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. Defendant, ABSOLUTE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants falsely represented or implied that attorney CAWLEY had reviewed Plaintiff's account when he had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

   b. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

c.  Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

d.  Defendants' demand that Plaintiff "payment must be received in [Defendants'] office within 30 days from the date of this letter" overshadowed, and thus rendered ineffective, the 30-day validation notice, in violation of 15 U.S.C. § 1692g(a).

34.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

36.  Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

37.  Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

38.  Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

39.  Defendant, C&B, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40.  Defendant, CAWLEY, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41.  Defendant, ABSOLUTE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42.  The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as

that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

43. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants falsely represented or implied that attorney CAWLEY had reviewed Plaintiff's account when he had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[2]

    b. Defendants falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[3]

    c. Defendants misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[4] and

    d. Defendants' demand that Plaintiff "payment must be received in [Defendants'] office within 30 days from the date of this letter" overshadowed, and thus rendered ineffective, the 30-day validation notice, in violation of Cal. Civil Code § 1788.17;[5].

44. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

45. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

46. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

---

[2] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[3] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[4] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[5] 15 U.S.C. § 1692g(a).

award of statutory damages in an amount not exceeding one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[6]

47. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

48. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### CALIFORNIA CONSUMER COLLECTION NOTICE

49. Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

50. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

51. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

52. Defendant, C&B, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

53. Defendant, CAWLEY, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

54. Defendant, ABSOLUTE, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

55. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the

---

[6] 15 U.S.C.§ 1692k(a)(2)(A).
[7] 15 U.S.C.§ 1692k(a)(3).

RFDCPA, Cal. Civil Code § 1788.2(f).

56. Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

57. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

58. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each defendant, pursuant to Cal. Civil Code § 1812.702.[8]

59. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702.[9]

60. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[10]

61. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.30(c) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1"

---

[8] Cal. Civil Code § 1788.30(b).
[9] Cal. Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[10] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).

violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692g(a);

  c. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

  d. Declare that Defendants violated Cal. Civil Code § 1812.700(a);

  e. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

  g. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code §1788.17;[11]

  h. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[12]

  i. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[13]

  j. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;

  k. Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

  l. Award Plaintiff such other and further relief as may be just and proper.

///

///

---

[11] 15 U.S.C. § 1692k(a)(2)(A).
[12] Cal. Civil Code § 1788.30(b).
[13] Cal. Civil Code § 1788.17 incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
AURORA MORONES

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AURORA MORONES, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**Jonathan P. Cawley**\*\*

January 25, 2011

# CAWLEY & BERGMANN, LLP
(formerly Bronson, Cawley & Bergmann, LLP)
ATTORNEYS AT LAW

415 Lawrence Bell Drive Williamsville, NY 14221
TELEPHONE: 888-990-9749 FAX: 716-635-9556

\*\*Admitted in NY, PA & VT

| Creditor: | ABSOLUTE RESOLUTIONS CORP / AFA 2010A |
|---|---|
| File Number: | 538238 |
| Account Number: | 4465420164191942 |
| Original Creditor: | WELLS FARGO - CORE PLATINUM |
| Account Balance: | $7,218.06 |

Attorneys Licensed In:
Maryland        Pennsylvania
New Jersey      Vermont
New York


EXHIBIT 1

## AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!

This office has been retained to collect a debt owed by you to ABSOLUTE RESOLUTIONS CORP / AFA 2010A.

| Single Payment Option: | 3 Month Payment Plan: | Balance in Full Payment Plan: |
|---|---|---|
| ➢ Take **$2,165.42** off the balance.<br>➢ Pay **$5,052.64** no later than **02/24/11**.<br>➢ Your account will be considered **"Settled in Full"** after we post your payment. | ➢ Take **$1,443.61** off the balance.<br>➢ Pay over 3 equal monthly installments of **$1,924.82**.<br>➢ First Payment due no later than **02/24/11** and every 30 days thereafter.<br>➢ Your account will be considered **"Settled in Full"** after we post your final payment. | ➢ Make affordable monthly payments.<br>➢ First Payment due no later than **02/24/11**.<br>➢ Your account will be considered **"Paid in Full"** once the account reaches a zero balance. |

Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.

If you, the consumer, notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed we will obtain verification of the debt or a copy of a judgment against you and a copy will be mailed to you by our office.

Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. Please note that no attorney with our firm has personally reviewed the particular circumstances of your account.

*Take advantage of one of these options to reduce your debt and financial worry!*

Your payment must be received in our office within 30 days from the date of this letter, in good funds, or this offer will be null and void. Upon clearance of funds this debt will be considered settled in full.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.
This communication is from a debt collector.

🖥 - **Pay Online:** www.cawleybergmann.com **(24/7 access)** Follow the online instructions
**Office Hours:** Mon Thu 8:00am - 9:00pm, Fri 8:00am - 5:00pm
Sat 8:00am - 12:00pm

LNY03

319002837403
1825/0000913